**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Grace Investments, Inc.,

Plaintiff,

v.

Global Energy Trust, Ltd., St. Austell's Trust, Leonard G. Becker, Joyce A. Becker, and George Davis,

Defendants.

**MEMORANDUM ORDER AND OPINION**
Civil No. 06-1041 ADM/AJB

---

Jeffrey C. Thompson, Esq., and Kofi N. Montzka, Esq., Howse & Thompson, PA, Plymouth, MN, argued for and on behalf of Plaintiff.

Gregory E. Goldberg, Esq., Holland & Hart, LLP, Denver, CO, and James F. Killian, Esq., Maslon Edelman Borman and Brand LLP, argued for and on behalf of Defendants Global Energy Trust, Ltd., Leonard G. Becker, and Joyce A. Becker.

Dianna M. Gibson, Esq., Parsons Behle & Latimer, Salt Lake City, UT, and Patrick J. Rooney, Esq., Rider Bennett LLP, Minneapolis, MN, argued for and on behalf of Defendant George Davis.

---

## I. INTRODUCTION

On May 30, 2006, oral argument before the undersigned United States District Judge was heard on the Motions to Dismiss of Defendants Global Energy Trust, Ltd. ("Global Energy"), Leonard G. Becker ("Leonard Becker"), and Joyce A. Becker ("Joyce Becker") [Docket No. 3] and George Davis ("Davis") [Docket No. 6]. In its Complaint [Docket No. 1], Plaintiff Grace Investments, Inc.("Grace Investments") has alleged claims for breach of contract, breach of fiduciary duty, breach of promise, promissory estoppel, fraud, and Minnesota securities laws violations. The instant Motions are premised on an alleged lack of personal jurisdiction. For the reasons set forth herein, both Motions to Dismiss are granted.

## II. BACKGROUND

Defendant Global Energy is an Indiana corporation maintaining its principal place of business in Elkhart, Indiana. Leonard Becker Aff. [Docket No. 17] ¶ 7. Global Energy was created to organize financing for a power plant located in Idaho. Id. ¶ 10. Leonard Becker is the chief executive officer of Global Energy. Id. ¶ 2. Joyce Becker serves as the secretary and treasurer. Id. ¶ 3. Both Leonard and Joyce Becker reside in Indiana, and have never visited Minnesota. Id. at ¶¶ 4. Global Energy does not have a Minnesota office, nor does it have a registered agent in Minnesota. Id. ¶ 8.

Grace Investments is a Minnesota company. Sigelman Aff. [Docket No. 23] ¶ 2, Ex. A. Grace Investments and Global Energy entered into a financial transaction contract which is the subject of this lawsuit. Leonard Becker Aff. ¶ 10. The contract was negotiated and ultimately executed by phone and facsimile. Id. ¶ 12. No employee of Global Energy visited Minnesota to negotiate the contract. Id.

Global Energy has been party to seven separate custodial agreements with the St. Paul, Minnesota branch of U.S. Bank. Id. ¶ 11. The custodial agreements provide simply that funds be deposited at U.S. Bank for a certain period of time. Id. One of these agreements, no longer in effect, was between Global Energy, Grace Investments, and U.S. Bank. Id. The other custodial agreements were between Global Energy, U.S. Bank, and various third parties unrelated to this litigation. Id.

George Davis is a resident of California. Davis Aff. [Docket No. 22] ¶ 1. Davis is a representative of Global Energy, and participated in the negotiations between Global Energy and Grace Investments. Id. ¶¶ 2-3. Davis' work on this project was done in California, from where

he communicates by telephone, facsimile, or email. Id. ¶ 5.

Davis' contacts with Minnesota included several communications with Craig Howse.[1] Id. ¶ 10b. Additionally, Davis signed a contract on behalf of St. Austell's Trust ("St. Austell's") between St. Austell's, Global Energy, and Grace Investments. Id. ¶ 10a; Ex. A. Davis has traveled to Minnesota three times, all in 2005. Id. ¶ 10c. Each time, Davis met with Thomas Caruth of U.S. Bank to discuss Global Energy's custody accounts held by U.S. Bank. Id. None of these discussions related to Grace Investments.

St. Austell's[2] is located in California. Id. ¶ 23. St. Austell's only connection to this lawsuit is its participation in a trust agreement between St. Austell's, Grace Investments, and Global Energy. Id. ¶¶ 21-22. Davis signed the trust agreement on behalf of St. Austell's in California. Id. ¶ 22. St. Austell's does not conduct business in Minnesota. Id. ¶ 24. Although the trust agreement was never carried out, any funds received by St. Austell's as a result of the agreement would have been held in California. Id. ¶ 25. St. Austell's has never distributed funds to a Minnesota resident. Id. ¶ 26.

## III. DISCUSSION

### A. Standard

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for lack of personal jurisdiction. Fed. R. Civ. Pro. 12(b)(1). To defeat a

---

[1] Craig Howse has withdrawn as counsel for Grace Investments [Docket No. 37].

[2] There is a dispute as to whether St. Austell's was properly served in this matter. Whether it was served, however, is irrelevant, because this Court does not have jurisdiction over St. Austell's. To the extent that St. Austell's has been served, the Court, for the reasons articulated within this Order, dismisses any claims against St. Austell's *sua sponte*.

motion to dismiss for lack of personal jurisdiction, a party need only make a prima facie showing of personal jurisdiction. Romak USA, Inc. v. Rich, 384 F.3d 979, 983 (8th Cir. 2004). Determining whether jurisdiction exists is a two-prong inquiry. First, the requirements of the Minnesota long-arm statute must be satisfied, and second, whether jurisdiction comports with the Due Process Clause of the Fourteenth Amendment must be examined. Minnesota Mining & Manuf. Co. v. Nippon Carbide Indus. Co., Inc., 63 F.3d 694, 697 (8th Cir. 1995). Minnesota's long-arm statute is "coextensive with the limits of due process;" therefore, the only question is whether due process requirements are met in this instance. Id. Personal jurisdiction is established by a showing that the defendant maintains sufficient minimum contacts with the forum state "such that summoning the defendant would not offend traditional notions of fair play and substantial justice." Pecoraro v. Sky Ranch for Boys, Inc., 340 F.3d 558, 561 (8th Cir. 2003).

> The central question is whether a defendant has purposefully availed itself of the privilege of conducting activities in the forum state and should, therefore, reasonably anticipate being haled into court there. . . .With these principles in mind, we look at five distinct factors: (1) the nature and quality of the defendant's contacts with the forum state; (2) the quantity of contacts; (3) the relationship between the cause of action and the contacts; (4) the forum state's interest in providing a forum for its residents; and (5) the convenience of the parties.

Id. at 562.

**B. Specific Jurisdiction**

Grace Investments can not meet its burden of demonstrating Defendants have sufficient contacts to support specific jurisdiction. "Specific jurisdiction can only be found if the controversy is 'related to or "arises out of"' the defendant's contacts with the forum state." Johnson v. Woodcock, 444 F.3d 953, 956 (8th Cir. 2006).

Neither of the Beckers have ever been to Minnesota. Global Energy and the Beckers' contacts with Minnesota consist of a contract between Global Energy contracted with a Minnesota resident and a custodial account related to that contract held by the St. Paul branch of U.S. Bank. The contract at issue was not negotiated in Minnesota, nor is it governed by Minnesota law. The custodial account, although located in Minnesota, is not at issue in this proceeding, and was not negotiated or executed in Minnesota. Simply entering into a contract with a Minnesota resident is insufficient to find specific jurisdiction. Minnesota Mining, 63 F.3d at 698 (finding that personal jurisdiction existed only because defendants entered Minnesota to consummate a contract governed by Minnesota law).

Davis' contacts with Minnesota are also attenuated. His relationship to Grace Investments consists of several telephone, facsimile, and email communications from California, as well as signing an agreement with Grace Investments on behalf of St. Austell's. Davis did not solicit the business of Grace Investments; rather, Grace Investments contacted him. Davis Aff. ¶ 11. The communications between Davis and representatives of Grace Investments are insufficient to demonstrate the minimum contacts required for jurisdiction. "'Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause.'" Johnson, 444 F.3d at 956, quoting Porter v. Berall, 293 F.3d 1073, 1076 (8th Cir. 2002). Moreover, as previously noted, entering into a contract with a state's resident is not sufficient to confer jurisdiction. See, e.g., Minnesota Mining, 63 F.2d at 698.

Finally, the connections between Minnesota and St. Austell's are even less significant than those of Global Energy, the Beckers, or Davis. St. Austell's only connection to this case is its participation in a trust agreement that was never carried out. Under the trust agreement, St.

Austell's was to hold funds it received in California. The trust agreement was executed in California. Again, these minimal contacts to Minnesota are insufficient to find personal jurisdiction.

The affidavits offered by Grace Investments to dispute Defendants' arguments do not adequately refute Defendants' claim of lack of personal jurisdiction. The affidavits of Craig Howse[3] [Docket No. 26] and Frank Vennes [Docket No. 28] consist mainly of unsupported allegations. For example, Howse's affidavit states: "George Davis . . . represented to me that he made repeated trips to Minnesota to induce Minnesota residents to participate in the Global Trust Program." Howse Aff. ¶ 5. Similarly, Vennes' affidavit contains numerous unsupported assertions based on hearsay: "That in an attempt to induce Grace to participate, Davis represented to my attorney that he and the other Defendants had an established banking relationship with US Bank in St. Paul, Minnesota and that other participants in the Global Trust Program had custodial accounts at US Bank in St. Paul, Minnesota." Vennes Aff. ¶ 7. These unsupported, conclusory allegations are insufficient to meet Grace Investments' burden. "'When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.'" Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1074 n.1 (8th Cir. 2004); see, e.g., Johnson, 444 F.3d at 953. Even if the speculative assertions contained within the affidavits of Howse and Vennes were considered, Grace Investments still fails to meet its burden demonstrating jurisdiction.

---

[3] As previously noted, Howse has withdrawn as an attorney in this case. His affidavit testifies to his role in negotiating the agreement at issue in this case. Howse Aff. ¶¶ 7-29. As such, he has positioned himself as a potential witness, and therefore can not serve as Grace Investments' attorney.

**C. General Jurisdiction**

"General jurisdiction exists where the contacts between the defendant and the forum state are 'continuous and systematic' even if there is no relationship between the contacts and the cause of action." Johnson, 444. F.3d at 956. Here, the only additional facts demonstrating a connection between Minnesota and the Defendants beyond those offered for specific jurisdiction are the existence of several custodial agreements to which certain Defendants were a party, but which are unrelated to Grace Investments or this lawsuit. These custodial agreements were held by the St. Paul, Minnesota branch of U.S. Bank. Additionally, Davis made three trips to Minnesota in 2005 regarding some of these custodial accounts. These additional contracts are not of a continuous and systematic nature to establish jurisdiction in Minnesota. The Eighth Circuit has held that "the use of arteries of interstate mail, telephone, railway and banking facilities is insufficient, standing along, to satisfy due process." Mountaire Feeds, Inc. v. Agro Impex, S.A., 677 F.2d 651, 656 (8th Cir. 1982). These minimum contacts do not demonstrate that Defendants purposely availed themselves of the privilege of conducting activities in Minnesota, and thereby should have reasonably expected to be haled in Minnesota court. Thus, Defendants' Motions are granted.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motions to Dismiss [Docket Nos. 3, 6] are **GRANTED**; and
2. Plaintiff's Complaint [Docket No. 1] is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: July 24, 2006.